**Electronically Filed
Intermediate Court of Appeals
29654
26-MAY-2011
09:25 AM**

NO. 29654

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MICHAEL JAMES GALON, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 07-1-0042K)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)


Defendant-Appellant Michael James Galon (Galon) appeals from the Judgment filed on January 23, 2009, in the Circuit Court of the Third Circuit (Circuit Court).[1] Plaintiff-Appellee State of Hawai'i (State) charged Galon by complaint with two counts of promoting a dangerous drug in the third degree; two counts of unlawful use of drug paraphernalia; and one count of promoting a detrimental drug in the third degree. Galon entered a conditional guilty plea as to all counts, in which he reserved the right to appeal the denial of his "Motion to Suppress Evidence and Statements." The Circuit Court sentenced Galon to concurrent term of five years of imprisonment on the felony counts and thirty days on the petty misdemeanor count. We affirm the Circuit Court's Judgment.

---

[1] The Honorable Elizabeth A. Strance presided.

I.

On appeal, Galon challenges the validity of a search warrant for his residence and his person which resulted in the recovery of incriminating evidence. The search warrant was based on information provided by a cooperating individual (Cooperator). The Cooperator contacted the police as a victim of domestic violence, seeking assistance from the police because she had been assaulted by her live-in boyfriend. Galon was not the Cooperator's boyfriend. In addition to reporting the assault, the Cooperator provided the police with information about individuals, including Galon, whom she stated were involved in drug trafficking. The Cooperator admitted that she had previously distributed crystal methamphetamine, was a user of methamphetamine and marijuana, and was familiar with these drugs.

Officer Jeremy Lewis (Officer Lewis) prepared an affidavit in support of a warrant to search Galon's residence and his person. The affidavit reveals the name of the Cooperator; describes the circumstances under which she contacted the police for assistance and provided information about the distribution of narcotics; and details her admissions regarding her own involvement in the distribution and use of illicit narcotics. The affidavit states that the Cooperator provided the following information to Officer Lewis: (1) Galon was distributing crystal methamphetamine in Kailua-Kona; (2) the Cooperator identified the street where Galon lived; (3) on one occasion, the Cooperator (a) observed Galon in his car in possession of approximately seven packets, each containing an "eight ball" or one-eighth ounce of crystal methamphetamine, that were in Galon's fanny pack; (b) the Cooperator went in the car with Galon to his residence; (c) while the Cooperator was at the residence, an unknown male attempted to buy drugs from Galon, the Cooperator saw the fanny pack containing the crystal methamphetamine in Galon's bedroom, and the Cooperator saw Galon smoke crystal methamphetamine from an "ice" pipe in the livingroom; and (d) Galon drove to another location where Cooperator saw Galon and another person smoke

crystal methamphetamine using a glass pipe. Officer Lewis's affidavit further states that the Cooperator was shown an arrest photograph of Galon, which she positively identified as depicting Galon. The affidavit also attached a copy of Galon's "Criminal Justice Inquiry -- Full Rap Sheet" (Rap Sheet) which showed that Galon had an extensive criminal record.

II.

Galon argues that Officer Lewis's affidavit did not establish probable cause for the issuance of the search warrant because: 1) the affidavit did not contain sufficient information to support a belief by Officer Lewis that the Cooperator was credible or the information she provided was reliable; (2) the Cooperator was more like the "usual police informer" rather than an "ordinary citizen who witnesses a crime," and thus circumstances indicating that the Cooperator was credible or the information she provided was reliable was required; and (3) without the Cooperator's statements, the affidavit does not support a finding of probable cause for the issuance of the search warrant. Based on these arguments, Galon asserts that the Circuit Court erred in upholding the validity of the search warrant.

We resolve Galon's arguments as follows:

A.

We conclude that the affidavit contained sufficient information to support a belief by Officer Lewis, and the judge issuing the warrant, that the Cooperator was credible or the information she provided was reliable. We further conclude that the affidavit, including the Cooperator's statements, established probable cause for the search warrant. Accordingly, the Circuit Court did not err in upholding the validity of the warrant and in denying Galon's amended and first supplemental motions to suppress evidence and statements.

We review de novo a judge's determination of probable cause for the issuance of a search warrant. Carlisle ex. rel. State v. Ten Thousand Four Hundred Forty-Seven Dollars in U.S.

3

Currency ($10,477.00), 104 Hawai‘i 323, 328, 89 P.3d 823, 828
(2004). The Hawai‘i Supreme Court applies the two prong test
announced in Aguilar v. Texas, 378 U.S. 108 (1964), and expounded
upon in Spinelli v. United States, 393 U.S. 410 (1969), for
evaluating the validity of search warrants based on hearsay
information provided by an informant. Carlisle, 104 Hawai‘i at
330, 89 P.3d at 830.

> Under this test, the affidavit must contain [1] some of the
> underlying circumstances from which the informant concluded
> that the narcotics were where he claimed they were, and [2]
> some of the underlying circumstances from which the officer
> concluded that the informant, whose identity need not be
> disclosed[,] was credible or his information reliable.

Id. (internal quotation marks, ellipsis points, emphasis, and
citations omitted).

Galon concedes that the first prong of the Aguilar test
was satisfied since the information provided by the Cooperator
was based on her personal observations. Galon, however, contends
that Officer Lewis's affidavit fails the second prong of the
Aguilar test because Galon asserts that Officer Lewis's affidavit
"does not have any information regarding why [the Cooperator's]
hearsay statements are trustworthy or credible." We disagree.

We conclude that Officer Lewis's affidavit, as required
by Aguilar, contains sufficient information of the underlying
circumstances to support Officer Lewis's conclusion that the
Cooperator was credible or the information she provided was
reliable. The affidavit states that the Cooperator approached
the police as a crime victim. The affidavit reveals that the
Cooperator volunteered to provide information about others she
knew were involved in drug trafficking. And, in providing such
information, the Cooperator admitted to her own involvement in
illegal drug activity, including that she previously distributed
crystal methamphetamine and was a user of crystal methamphetamine
and marijuana.

The Cooperator's admissions about her prior
distribution and her use of illicit drugs were self-incriminating
and against her penal interests. Such admissions are relevant

4

indicia of the Cooperator's credibility and provide a basis for Officer Lewis to conclude that the Cooperator was credible and was providing reliable information. State v. Yaw, 58 Haw. 485, 490, 572 P.2d 856, 860 (1977) (concluding that admissions against penal interest have been considered to be a relevant indicia of an informant's credibility); United States v. Harris, 403 U.S. 573, 583-84 (1971) (plurality opinion) ("Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility -- sufficient at least to support a finding of probable cause to search."); State v. Goldberg, 519 A.2d 907, 910 (N.J. Super. Ct. App. Div. 1986) ("[W]hen a cocaine user voluntarily turns in his supplier to the police in the hope of shaking his reliance on the drug, and in doing so admits his own criminal conduct, such evidence sharply increases the degree of reliability needed for the issuance of a search warrant.").

Officer Lewis's affidavit also contains information that corroborates aspects of the Cooperator's statements. Officer Lewis attached Galon's Rap Sheet as part of the affidavit. This Rap Sheet showed that Galon had been convicted of numerous felony and misdemeanor offenses and that he had been arrested on one occasion for drug offenses. See State v. Navas 81 Hawaiʻi 29, 36, 911 P.2d 1101, 1108 (App. 1995) ("The use of prior arrests and convictions to aid in establishing probable cause is not only permissible, but is often helpful. This is especially so where, as in the matter presently before the court, the previous arrest or conviction involves a crime of the same general nature as the one which the warrant is seeking to uncover." (quoting United States v. Conley, 4 F.3d 1200, 1207 (3d Cir. 1993))). The Rap Sheet contained Galon's residence address which corroborated the Cooperator's statement regarding the street on which Galon lived. The affidavit also states that the Cooperator identified an arrest photograph of Galon shown to her by the police as a picture of Galon. The corroboration of

certain aspects of the Cooperator's statement by independent information obtained by Officer Lewis provides additional support for the conclusion that information the Cooperator provided was reliable.

For the foregoing reasons, we conclude that Officer Lewis's affidavit established probable cause for the issuance of the search warrant. Therefore, the Circuit Court properly denied Galon's amended and first supplemental motions to suppress evidence and statements.

B.

We need not decide whether the Cooperator should be viewed more like the "usual police informer" rather than an "ordinary citizen who witnesses a crime." Galon contends that this distinction is relevant because Officer Lewis's affidavit is devoid of information showing that the Cooperator was credible or the information she provided was reliable, and thus the validity the affidavit depends solely on the presumption of reliability given to an ordinary citizen who witnesses a crime. See State v. Decano, 60 Haw. 205, 210-11, 588 P.2d 909, 913-14 (1978) (stating that information given by a ordinary citizen who witnesses a crime is presumed reliable). However, contrary to Galon's contention, Officer Lewis's affidavit is not devoid of information regarding the Cooperator's credibility or the reliability of her information. We have already concluded that the affidavit contains sufficient information to support Officer Lewis's conclusion that the Cooperator was credible or the information she provided was reliable.

We also need not address Galon's argument that without the Cooperator's statements, Officer Lewis's affidavit fails to establish probable cause for the search warrant. We have determined that the judge issuing the warrant properly considered the Cooperator's statements in evaluating whether the affidavit established probable cause.

6

III.

We affirm the January 23, 2009, Judgment of the Circuit Court.

DATED: Honolulu, Hawai'i, May 26, 2011.

On the briefs:

James Biven
for Defendant-Appelllant

Linda L. Walton
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

Associate Judge

Associate Judge

7